******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VORLON HOLDING, LLC, ET AL. *v.* COMMISSIONER
OF ENERGY AND ENVIRONMENTAL PROTECTION
(AC 37236)

Gruendel, Lavine and Lavery, Js.

*Argued October 20—officially released December 22, 2015*

(Appeal from Superior Court, judicial district of New
Britain, Cohn, J.)

*Jonathan J. Klein*, for the appellants (plaintiffs).

*David H. Wrinn*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, attorney general, and *John M. Looney*, assistant attorney general,
for the appellee (defendant).

*Opinion*

LAVINE, J. The plaintiffs, Vorlon Holding, LLC (Vorlon), Jody R. Smith, and Richard B. Smith, appeal from the judgment dismissing their administrative appeal. The court dismissed the plaintiffs' appeal from the final decision of a hearing officer upholding an order issued by the defendant, the Commissioner of Energy and Environmental Protection (commissioner), pursuant to General Statutes § 22a-432, requiring the plaintiffs to remediate the soil, groundwater and surface water at 540 New Haven Avenue in Milford (property).[1] Specifically, the plaintiffs claim that the court erred in determining that Vorlon is not entitled to the "blameless owner" exception to liability for maintaining a condition on the property that reasonably can be expected to create a source of pollution to the waters of the state. The plaintiffs further claim that the court erred in determining that Jody Smith is personally liable for violating § 22a-432 as the responsible corporate officer of Vorlon. Finally, the plaintiffs claim that the court improperly determined that they were jointly and severally liable pursuant to General Statutes § 22a-6a (b) for violating § 22a-432 because the plaintiffs did not provide evidence for the hearing officer to apportion the liability. We disagree and, accordingly, affirm the judgment of the court.

The following facts, which are not in dispute, and procedural history are relevant to this appeal. Vorlon is the owner of the property. The Hyman H. Smith and Eleanor C. Smith Trust (Smith Trust) was the previous owner of the property, which was the site of a "tank farm" operated by Connecticut Aerosols, Inc. Richard Smith was a trustee of the Smith Trust. In February, 1988, the Department of Energy and Environmental Protection (department) inspected the property after 500 gallons of a toluene based solvent had spilled. The department found that the property was contaminated with hazardous waste, specifically, several volatile organic compounds, and issued abatement orders to the Smith Trust and Connecticut Aerosols, Inc. The abatement orders were recorded on the land records to the property. Neither the Smith Trust nor Connecticut Aerosols, Inc., complied with the abatement orders.

Vorlon acquired the property from the Smith Trust on July 28, 1998, as payment of a debt that the Smith Trust owed to Jody Smith. Jody Smith is the sole member and president of Vorlon, a limited liability company which she formed to take title to the property because she knew that it was contaminated and sought to avoid personal liability. Vorlon's address and Jody Smith's home address are the same.

Jody Smith invested approximately $500,000 of her personal funds to convert the property into a self-storage facility. Vorlon leased the property to Deep Space

1, LLC (Deep Space), from May 1, 1998 to December 31, 2008. Jody Smith is the sole member and manager of Deep Space. When the lease terminated, Vorlon leased the property on January 1, 2009, for a period of ten years, to The Narn, LLC (The Narn), whose managing member is Richard Smith.

In 2005, Jody Smith signed a form granting the United States Environmental Protection Agency (agency) permission to inspect the property. She also signed, on behalf of Vorlon, a "Form III" and an "Environmental condition assessment form" as required by General Statutes §§ 22a-134 through 22a-134d as part of transferring title to the property. Richard Smith managed the environmental remediation on the property, and dealt with the department and the agency. Despite retaining the services of an environmental professional, the property is still contaminated.

On May 23, 2012, the commissioner ordered the plaintiffs to study, remediate, and monitor, with the assistance of a licensed environmental professional, contamination of the soil, groundwater and surface water on the property. The order alleged that Vorlon, Jody Smith, and Richard Smith were "maintaining a facility or condition which reasonably can be expected to create a source of pollution to the waters of the state."

A department hearing officer held a hearing on September 20, 2012. On March 21, 2013, the hearing officer issued a final decision affirming the May 23, 2012 order, finding Vorlon, Jody Smith, and Richard Smith jointly and severally liable for maintaining the condition causing the pollution. Although Richard Smith had retained a licensed environmental professional, the hearing officer found that "[n]o remediation ha[d] begun and no reasonable measures to address the contamination of the property ha[d] been taken." The hearing officer concluded that Vorlon was liable under § 22a-432 because it was the owner of the property and was maintaining a condition that reasonably can be expected to create a source of pollution to the waters of the state. The hearing officer also found that Vorlon was not entitled to the statutory "innocent landowner" exception to liability. Furthermore, the hearing officer found that because the pollution existed on the property prior to the time Vorlon leased it to Deep Space and The Narn, Vorlon could not avoid liability as a "blameless owner" under *Starr* v. *Commissioner of Environmental Protection*, 226 Conn. 358, 387, 627 A.2d 1296 (1993).

The hearing officer found that Jody Smith was personally liable, because corporate officers may be held personally liable for their acts and omissions that result in violations of § 22a-432. See *BEC Corp.* v. *Dept. of Environmental Protection*, 256 Conn. 602, 618, 775 A.2d 928 (2001). Although Jody Smith claimed that she had a limited role in Vorlon's business operations, the hearing officer found that she held a position of responsibility

in the company, that there was a nexus between her decision-making authority and Vorlon's failure to remediate the contamination, and that her actions or inactions facilitated Vorlon's failure to fulfill its affirmative duty to remediate the contamination on the property. Richard Smith admitted that he was personally liable for the conditions on the property.

The hearing officer found that the plaintiffs were jointly and severally liable because they did not present any evidence that would have allowed for the reasonable apportionment of liability amongst the plaintiffs.

The plaintiffs appealed from the hearing officer's final decision to the Superior Court, raising the same issues there as they do in this court. Following a hearing, the court, in a memorandum of decision substantially following the hearing officer's analysis and legal conclusions, rendered judgment dismissing the appeal. This appeal followed.

On appeal, the plaintiffs claim that the trial court improperly concluded that Vorlon did not fall within the "blameless owner" exception recognized in *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 387; that the court improperly determined that Jody Smith was personally liable for the violations of § 22a-432; and that the court improperly determined that the plaintiffs were jointly and severally liable for the violations of § 22a-432.

Before addressing the plaintiffs' claims we set forth the applicable standard of review. The plaintiffs are not contesting any of the hearing officer's factual findings; thus, this appeal raises only questions of law. "[A]s to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." (Internal quotation marks omitted.) *Lane* v. *Commissioner of Environmental Protection*, 136 Conn. App. 135, 144–45, 43 A.3d 821 (2012), aff'd, 314 Conn. 1, 100 A.3d 384 (2014). The court in its memorandum of decision noted that these issues regarding landowner and personal lia-

bility under §22a-432 have been subjected to judicial review. See *BEC Corp.* v. *Dept. of Environmental Protection*, supra, 256 Conn. 616; *Starr v. Commissioner of Environmental Protection*, supra, 226 Conn. 360.

The plaintiffs first claim that Vorlon cannot be held liable under § 22a-432 because the court erred in finding that it was not entitled to the common law "blameless owner" exception articulated in *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 387. Specifically, they argue that because Vorlon leased the property to Deep Space and The Narn, it maintained "passive ownership," and thus cannot be held liable for the pollution on the property. We disagree.

Section 22a-432 provides in relevant part: "If the commissioner finds that any person . . . is maintaining a facility or condition which reasonably can be expected to create a source of pollution to the waters of the state, he may issue an order to such person to take the necessary steps to correct such potential source of pollution." Section 22a-423 defines a person in relevant part as "any individual, partnership, association, firm, limited liability company, corporation or other entity . . . or any member or manager of a limited liability company . . . ." Our Supreme Court has determined that "the legislature intended that the word 'maintaining' in § 22a-432 be interpreted liberally to include within its purview a landowner *who has failed to abate pollution existing on his or her land* that reasonably could be expected to create a source of pollution to the state's waters *regardless of blame for the creation of the condition.*" (Emphasis added.) *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 382.

There are two primary exceptions to liability under the statute. The plaintiffs recognize that the "innocent landowner" exception under General Statutes §§ 22a-452d and 22a-452e does not apply in this case. They claim, however, that under the "blameless owner" exception Vorlon is entitled to relief. Our Supreme Court discussed the "blameless owner" exception in *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 387, stating that "[u]nder the common law of nuisance, a landowner who was not in fact in possession of his or her property, but who had leased it to a tenant, was not considered liable for a nuisance *where that nuisance did not exist when* [*it was*] *leased* or was not a result reasonably to be anticipated from [its] use for the purpose and in the manner intended. . . . Because we construe § 22a-432 as having been intended to embrace the common law of nuisance, we do not read it to authorize the commissioner to issue an abatement order pursuant to that section to a blameless owner who was not in possession of his property, but who had leased it to a tenant [at a time when the nuisance did not exist]. In such a case, the tenant in posses-

sion, rather than the landlord, would be considered the person who had created or was maintaining the condition that had the potential to cause pollution to the waters of the state." (Citations omitted; emphasis added; internal quotation marks omitted.)[2]

Both the hearing officer and the court found that Vorlon is not a blameless owner. Jody Smith, Vorlon's president, knew about the pollution on the property prior to taking title to it and leasing it to Deep Space and The Narn. The plaintiffs' argument is based on a misreading of *Starr*, as they assert that when "property is leased to a tenant, the Supreme Court held that the commissioner can reach the owner and impose liability on it only under [General Statutes] § 22a-433." This is incorrect, as *Starr* makes clear that the commissioner may impose liability under § 22a-432 on a landowner who takes title to property with notice that it is polluted, and then maintains the pollution by failing to abate it. The plaintiffs' argument entirely overlooks the significance of the fact that Jody Smith had notice of the pollution prior to taking title to the property. An owner with notice of pollution on his or her property may not escape liability for its abatement merely by leasing it to a tenant.

The plaintiffs also assert that, because Deep Space and The Narn conducted the business operations on the property, Vorlon is absolved of liability under the blameless owner exception because it maintained "passive ownership." This argument fails because, regardless of Vorlon's involvement in the day-to-day operations on the property, it took title to the property with notice that violations of § 22a-432 existed, and it failed to abate the pollution. Furthermore, the court noted that "the sole owner of Vorlon, Jody Smith, leased the property to the sole member and manager of Deep Space, Jody Smith. To allow blameless owner status in this situation would defeat the liberal intent of the legislature in passing § 22a-432 . . . ." We agree with the trial court that Vorlon is not a "blameless owner" for purposes of § 22a-432.

The plaintiffs next claim that the court improperly determined that Jody Smith is personally liable for Vorlon's violations of § 22a-432 with respect to the pollution on the property. The plaintiffs argue that Jody Smith should not be held personally liable because she had a limited role in Vorlon's business operations, and Richard Smith, Deep Space, and The Narn operated the self-storage facility and nominally assumed responsibility for abating the pollution on the property. We disagree.

Our Supreme Court has held that "a corporate officer is personally liable for the abatement of a violation of § 22a-432 when: (1) the officer is in a position of responsibility that allows that officer to influence corporate policies and activities; (2) there is a nexus between the officer's actions or inactions in that posi-

tion and the violation of § 22a-432 such that the corporate officer influenced the corporate actions that constituted the violation; and (3) the corporate officer's actions or inactions resulted in the violation." *BEC Corp.* v. *Dept. of Environmental Protection*, supra, 256 Conn. 618.

In regard to the first factor, the court determined that Jody Smith had complete authority to determine the policies of Vorlon, as she was its president and sole member. She negotiated the leases with Deep Space and The Narn, and she determined who had access to the property, specifically, in initially granting permission to the agency to inspect the property. The court also determined that Jody Smith made the decision to convert the property into a self-storage facility. We agree with the trial court, which properly concluded that Jody Smith was in a position of responsibility that allowed her to influence Vorlon's corporate policies and activities.

There also is a nexus between Jody Smith's actions or inaction, as the sole member and president of Vorlon, and the § 22a-432 violations. Our Supreme Court has determined that a nexus can be found between the violation of the statute and a corporate officer's actions or omissions when that corporate officer, despite having personal knowledge of the violation, fails to influence the corporation's policies and operations to remediate the conditions causing the violation of the statute. See *Celentano* v. *Rocque*, 282 Conn. 645, 670–71, 923 A.2d 709 (2007). The hearing officer found that, as president of Vorlon, Jody Smith knew of the pollution on the property and failed to influence Vorlon's policies or operations to remediate it. The plaintiffs argue that because "Jody [Smith] . . . was nothing more than the titular head of [the] passive entity [Vorlon], who did not actually do anything and had no day-to-day responsibilities for anything happening at the property, [and] was so far removed from maintaining the source of pollution to the waters of the state, that she cannot properly be held liable." (Footnote omitted.) We agree with the hearing officer's conclusion that "[a]lthough [Jody Smith] tried to separate ownership from operations, and claimed she left decision-making regarding the environmental issues on the property to [Richard] Smith, Jody [Smith] cannot ignore or abdicate her responsibility as president of Vorlon." The court properly concluded that there was a nexus between Jody Smith's failure as a corporate officer to remediate the pollution on the property and the § 22a-432 violations.

The third factor requires us to determine whether Jody Smith's omissions as a corporate officer facilitated a violation of the statute. The hearing officer and the court both determined that under the statute, Vorlon had an affirmative duty to abate the pollution in the many years that it had held title to the property, and

that Jody Smith as the president and sole member of Vorlon failed to take action to fulfill that duty. Section 22a-432 is a strict liability statute, under which imposing personal liability on a responsible corporate officer "[does] not require a finding that the officer had committed, directly participated in or directed the conduct that resulted in a violation before [s]he c[an] be held personally liable, but require[s] only that the officer have a position of responsibility and influence from which [s]he could have prevented the corporation from engaging in the conduct." *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 144, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006). Under the statute and the common law of nuisance, Vorlon had an affirmative duty to abate the pollution on the property. See *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 382. Because Jody Smith in her capacity as a corporate officer failed to remediate the pollution, Vorlon maintained the pollution on the property. We therefore agree with the court that her omissions facilitated a violation of the statute. We also agree that all three factors of the responsible corporate officer test articulated in *BEC Corp.* v. *Dept. of Environmental Protection*, supra, 256 Conn. 618, have been met, and that the court did not err in finding Jody Smith personally liable.

The plaintiffs' final claim is that they should not have been found jointly and severally liable for the § 22a-432 violations. We disagree.

Section 22a-6a (b) allows the commissioner to impose joint and several liability when a reasonable apportionment of responsibility is not possible. "Where the tortious conduct of two or more actors has combined to bring about harm . . . and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each actor." (Internal quotation marks omitted.) *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 608, 590 A.2d 447 (1991), quoting from 2 Restatement (Second), Torts § 433B (1965). The court noted and agreed with the hearing officer's finding that the plaintiffs did not present evidence that would have allowed the commissioner to reasonably apportion liability. On the basis of our review of the record, we agree with the court.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's brief to this court states that Richard Smith is not pursuing any claims regarding the commissioner's finding that he is personally liable for the abatement of the pollution on the property. In this opinion, we refer to Vorlon and Jody Smith collectively as the plaintiffs and individually by name where necessary.

[2] We note that our Supreme Court recognized that General Statutes § 22a-433 allows the commissioner to impose liability on a landlord who otherwise would have qualified for the common law "blameless owner" exception. *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 387–88. The department, however, brought the present case only under

§ 22a-432.